New Jersey Steel Tube Company, Incorporated, v. John B. Riehl, Appellant.

*Foreign corporation—Doing business within the commonwealth—Sales by agents.*

Under the law a foreign manufacturing corporation may have agents in Pennsylvania who may contract for the sale of its goods, and take orders therefor to be executed at the place of its incorporation without violating the constitution or Act of April 22, 1874, P. L. 108.

*Settlement of accounts not a doing business by foreign corporation.*

A settlement of accounts had with a foreign corporation for goods sold at its place of business in New Jersey, even if made in Pennsylvania is not such " doing business" in Pennsylvania as brings plaintiff company within the inhibitions of the constitution or the acts of 1874 and 1889. Business dealings which the plaintiff may have had with other persons in Pennsylvania, having no connection with the transaction out of which the case arose, cannot be invoked to defeat this action.

Argued Oct. 6, 1898.   Appeal, No. 44, Oct. T., 1898, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1897, No. 134, on verdict for plaintiff.   Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Assumpsit.   Before McMICHAEL, J.

It appears from the record that this was an action of assumpsit brought by the plaintiff, a New Jersey corporation, to recover $482.47 from the defendant, which was the amount of a·note dated November 12, 1896, at sixty days, which was given as the result of an interview held in Philadelphia between a representative of the plaintiff company and the defendant.   Defendant claimed a set-off and that plaintiff could not recover because of its failure to register, etc., in this state. The pleas were non assumpsit, set-off and for certificate.

Verdict and judgment for plaintiff for $511.39.   Defendant appealed.

*Errors assigned* were (1) in the ruling set forth as follows, in the bill of exceptions, the witness James Close on the stand: " Your company, the New Jersey Steel Tube Company, has it registered or filed a statement with the secretary of the commonwealth of this state, as required by the laws of Pennsylvania, to do business in the state ?   Objected to, by plaintiff's counsel, as immaterial.   Objection sustained.   The Court: I do not think it is proper cross-examination.   If material at all, it is as defense.   Exception for defendant."   (2) In not giving binding instructions for defendant.   (3) In charging the jury as follow: " But I do not think that the evidence in this case shows that the New Jersey Steel Tube Company was doing business in this state as contemplated by that statute.   So I shall say nothing further about that; it is not in the case." (4) In charging the jury as follows: " This note was given, together with two checks, in full settlement of the account between the parties at that period."   (5) In charging the jury as follows: " Defendant failed also in his proof in showing that he was obliged to furnished to the party with whom he was contracting any tubes."   (6) In charging the jury as fol‐ lows: " That there is not sufficient testimony to substantiate the averments of the defendant as contained in his affidavit of defense.   It does not go far enough to justify me in submitting the question to you.   Therefore I shall direct a verdict for the plaintiff in the amount sued for, with interest."

*Henry Trumbore*, for appellant.—It is illegal for a foreign corporation to transact business in this state without having

complied with the requirements of the constitution and act of assembly: Hagerman v. Empire Slate Co., 97 Pa. 534; Holt v. Green, 73 Pa. 198; Surety Co. v. McCanna, 6 Dist. Rep. 25.

It is submitted that the plaintiff company had not complied with our laws; it is nonexisting in this state, and has not acquired any contractual right which our courts can recognize, and could not recover in the suit at bar. That whether the plaintiff company was doing any business in this state is a question of fact for the jury, and the court erred in deciding that plaintiff was not doing business as contemplated by our constitution and act of assembly. That the note in suit is not such "trade or commerce" as contemplated by article 1, section 8 of the United States.

*William S. Furst*, for appellee.—Anticipated profits do not constitute a subject of set-off: Mackey v. Millar, 6 Phila. 527.

The defendant cannot successfully contend that under the facts in this case the plaintiff was doing business in Pennsylvania as contemplated by and in violation of the act of assembly. There was no evidence to show that the plaintiff was doing business unlawfully in Pennsylvania.

A foreign corporation can contract with a citizen in this state and enforce the contract by suit: Leasure v. Ins. Co., 91 Pa. 491; Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184.

OPINION BY SMITH, J., January 18, 1899:

The plaintiff is a foreign corporation, organized under the laws of New Jersey, and engaged in the manufacture of steel tubing, at Nutley, in that state, while the defendant is a manufacturer of umbrella shanks, in the city of Philadelphia. This action is on a promissory note of the defendant given in settlement for steel tubing bought of the plaintiff. At the close of the evidence a verdict was directed for the amount of the note. It is earnestly argued that the plaintiff was doing business in Pennsylvania, in violation of the constitution and of the Act of April 22, 1874, P. L. 108, by reason of which it is contended no recovery can be had in this action. That it had not complied with the provisions of this statute, by filing a statement as therein required, was shown by the certificate of the secretary of the commonwealth. The evidence relating to the

business of the plaintiff touching the transaction, in settlement of which the note in suit was given, is largely in writing and may be stated as follows: On June 23, 1896, the plaintiff at its place of business in Nutley, N. J., wrote to the defendant at Philadelphia, accepting his order for 500,000 steel tubes, 100,000 at $3.50 a gross, and the balance at a price to be determined by the cost of the first 100,000, not exceeding $3.50 per gross. The following letter was received on August 6, 1896: "New Jersey Steel Tube Co., Nutley, N. J. Gentlemen: Please begin shipment of the steel tubes at once. Ship the first half of each consignment by Adams Express, balance by freight. I find I have not enough on hand, and as my customers are beginning to urge the delivery, I must have rods at once. Yours very truly, J. B. Riehl, per E. J. K." Tubes were shipped to the defendant from time to time in pursuance of this correspondence, to the number of about 55,000. In the course of the business some minor matters were adjusted, and a note for $964.94, due November 11, 1896, was given, in payment of the sum due. On November 10, 1896, the defendant wrote to the plaintiff saying he would not be able to meet the note at maturity, whereupon Mr. Close, the treasurer of the plaintiff company, came to Philadelphia and the following settlement was agreed upon: "November 11, 1896. It is agreed between J. B. Riehl and the New Jersey Steel Tube Co. that the said J. B. Riehl is to pay one-half of the note that is due November 11th, or $482.47, on November 12th, 1896. Also check for $68 owing the said New Jersey Steel Tube Co. for balance of account, the said New Jersey Steel Tube Co. allowing J. B. Riehl $175 50-100 for inferior tubes. It is further agreed that the said New Jersey Steel Tube Co. renew note for one-half the original note for $482.47. Signed, New Jersey Steel Tube Co., James Close, Treasurer, and John B. Riehl." This agreement was complied with in the manner stated in the following letter of the defendant: "Philadelphia, November 12th, 1896: New Jersey Steel Tube Co., Nutley, N. J. Gentlemen: Enclosed herewith, please find my two checks, one for $482.47 and the other for $68. Also my promissory note for $482.47 at 60 days, in full settlement of all accounts to date, as per agreement made last evening between Mr. Close and Mr. J. B. Riehl. Kindly sign the enclosed receipt and return to me. Also please return my old promissory note which you have in

your possession. Yours truly, J. B. Riehl. P. S. Please return old note and receipt by return mail. R." The action is on the note referred to in this letter.

It is not pretended that the plaintiff brought any of its capital into this state, or carried on any manufacturing operations or other business here. The most that can be said on this point is that it sold some of its products, manufactured at its place of business, in New Jersey, to citizens of Pennsylvania, and in some instances through a representative who came to Philadelphia. In the present case the contract for the tubes was made and performed in New Jersey, and the note in settlement was delivered there by the defendant, through due course of mail. The agreement of November 11, 1896, was simply the adjustment and termination of the New Jersey contract, and called for no business transaction within this state. But we must not be understood as conceding that such an agreement and settlement comes within the purview of the constitution or the act of April 22, 1874. It has been held by the Supreme Court and by this court that a foreign manufacturing corporation may have agents in Pennsylvania who may contract for the sale of its goods, and the orders therefor may be executed at the place of its incorporation and location, without violating this statute : Mearshon & Co. v. Lumber Co., 187 Pa. 12 ; Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184 ; the Supreme Court, in the former case, quoting with approval from the latter the language of our late Brother WICKHAM on this point. In the case last cited, this court, speaking of the act of 1874, said : " The business to which it refers does not include the taking of orders, or contracting for the sale of goods, to be shipped from another state." In order to constitute a defense to an action by a foreign corporation, it must clearly appear that the act of 1874 has been violated. One object of the statute was to regulate business interchange with foreign corporations, and to bring them within the taxing power of the commonwealth. It was not intended to prohibit such interchange or to provide a method for defrauding foreign corporations. Nor was it meant to compel a forfeiture of property as a penalty for violation. The act of 1874 expressly provides the penalty of fine and imprisonment for violating its provisions. He who seeks to avoid payment accruing to a foreign corporation in the ordinary course of business,

must show that the contract upon which suit is brought was in violation of the statute.   It must clearly appear that the cause of action is based on a business transaction occurring within this state, with a foreign corporation that had not then complied with the statute.   On the other hand where a foreign corporation seeks to enforce a contract made in this state under like conditions the burden is upon it to show compliance with our laws in order to recover: Silk Co. v. Reilly, 187 Pa. 526.   The present is not such a case, and the ruling of the learned trial judge was entirely right.   While the act of April 22, 1874, only is referred to, there is a similar prohibition in the constitution and in the Act of June 1, 1889, P. L. 420, sec. 19.

As to the other ground of defense, it is sufficient to say that the evidence does not show any loss by reason of the alleged failure to furnish tubes, which could be made the basis of a set-off, even had it been shown that the plaintiff failed to furnish them as required by the contract.   The defendant wrote requesting the plaintiff not to ship any more tubes until further notice.   Nothing in the contract gave the defendant the right to thus change its terms at his discretion.   The plaintiff, therefore, had a right to treat it as rescinded.   On November 12, 1896, long after the alleged default on which the claim of set-off is based, the defendant wrote to the plaintiff saying he inclosed two checks and the note in suit "in full settlement of all accounts to date, as per agreement made last evening," thereby admitting that all such matters had been settled by that agreement.   Business dealings which the plaintiff may have had with other persons in Pennsylvania, having no connection with the transactions out of which this case arose, cannot be invoked to defeat this action.   The learned judge correctly disposed of the case.

Judgment affirmed.