# West Jersey Ice Manufacturing Company *v.* Philip D. Armour, P. D. Armour, Jr., and J. Ogden Armour, trading as Armour & Company, Appellants.

*Foreign corporation—Compliance with statutes—Doing business—Burden of proof.*

When a foreign corporation seeks to enforce a contract made in this state the burden of proof is upon it to show compliance with our laws in order to recover.

The words " doing business " as used in the Act of April 22, 1874, P. L. 108, are not construed to mean taking orders or making sales by samples, by agents coming into our state from another for that purpose; but where the facts disclose a contract by a foreign corporation for the delivery and storage of ice at designated places in Philadelphia without regard to its source of supply or place of manufacture, there is a doing business within the state within the meaning of the act of 1874. A transaction prohibited by that statute, and an action founded thereupon cannot be maintained.

Argued Oct. 16, 1899.    Appeal, No. 127, Oct. T., 1899, by defendants, from judgment of C. P. No. 3, Phila. Co., March T., 1898, No. 32, confirming report of referee in favor of plaintiffs. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.    Reversed.    Opinion by ORLADY, J.

Exceptions to referee's report.    Before the court in banc.

It appears from the record that the action was assumpsit by the plaintiffs, a New Jersey corporation, to recover the sum of $489.91, with interest for ice sold and delivered by plaintiffs to defendants.    The case was referred to Francis Shunk Brown as referee under the Act of May 14, 1874, P. L. 166.    The referee awarded in favor of plaintiffs for $489.91, with interest from July, 1896.

The following exceptions, inter alia, were filed to the report of the referee :

11. The learned referee erred in finding, as is contained in the fourth conclusion of law, in the words following, to wit:

[Plaintiff is entitled to recover unless it is precluded therefrom by reason of the fact that it is not registered as a foreign corporation in accordance with the Act of April 22, 1874, P. L. 108.    I have carefully considered the line of cases cited by the

defendants in support of this objection, including Thorne v. Ins. Co., 80 Pa. 15, Johnson v. Hulings, 103 Pa. 498, Trust Co. v. McCanna, 6 Pa. Dist. Rep. 25, and Pavilion Co. v. Hamilton, 7 Pa. Dist. Rep. 747.   But in my opinion the principle announced therein does not apply to the facts of the present case. I think the case is ruled by Mearshon v. Lumber Co., 187 Pa. 12, following Manufacturing Co. v. Hilton, 5 Pa. Superior Ct. 184, which decide that " a state which imposes limitations upon the powers of a corporation created under the laws of another state to make contracts within the state for carrying on commerce between the states violates that clause of the constitution which confers upon congress the exclusive right to regulate commerce."   Defendants attempt to distinguish the former case on the ground that there the contract was to be performed not in Pennsylvania but in Michigan.   The true test, however, is not where the contract is to be performed, but whether it is in the nature of interstate commerce, and on principle it is immaterial whether the order taken in the Mearshon case was to be executed in Michigan or in Pennsylvania ; in either case it would be interstate commerce.   The contract in Silk Manufacturing Co. v. Reilly, 187 Pa. 526, relied upon by the defendants, was to build a silk mill in Pottsville, Pennsylvania, and was plainly not a transaction of interstate commerce.   Mr. Justice GREEN, in the Mearshon case, adopts the following language used by Mr. Justice WICKHAM, in Manufacturing Co. v. Hilton, supra.

" The words ' doing any business,' as used in the act should not be construed to mean taking orders or making sales by sample by agents coming into our state from another for that purpose.   To hold otherwise would make the act offend against the constitution of the United States, as imposing unlawful restrictions on interstate commerce : Cooper Manufacturing Co. v. Ferguson, 113 U. S. 727 ; Robbins v. Taxing District of Shelby County, 120 U. S. 489 ; Brennan v. City of Titusville, 153 U. S. 289, and a number of other cases.   The above and numerous other decisions of the Supreme Court of the United States and of the highest state tribunals, fully establish the rule that a corporation of one state may send its agents to another to solicit orders for its goods, or contract for the sale thereof, without being embarrassed or obstructed by state requirements

as to taking out licenses, filing certificates, establishing resident agencies, or like troublesome or expensive conditions."] [11]

13. The learned referee erred in not finding, as is contained in defendants' second request for findings of fact:

[Plaintiff has not complied with the Act of April 22, 1874, P. L. 108, in reference to appointing an agent, etc., as required by the said act of assembly, and has no standing to bring suit in this jurisdiction on a contract made here and to be performed here.] [13]

The court below dismissed the exceptions to the referee's report and judgment was entered in favor of plaintiffs for $489.91, with interest. Defendants appealed.

*Errors assigned* among others were (11) in dismissing appellants' eleventh exception to the finding of the referee, reciting exception and finding. (13) In dismissing appellants' thirteenth exception to the finding of the referee, reciting exception and finding.

*Joseph F. Lamorelle*, with him *Jones, Carson* and *Chapman & Chapman*, for appellants.—The referee has found as a fact that "plaintiff is a foreign corporation and was not registered in Pennsylvania in compliance with the Act of April 22, 1874, P. L. 108, at the time of suit nor prior thereto."

The referee has found as a conclusion of law that the contract is a Pennsylvania one, made here to be performed here, and actually so performed.

A foreign corporation failing to comply with the Pennsylvania acts requiring registration cannot do business in this state, and the aid of the courts will not be given to enforce a contract made in violation of the statute: Pavilion Co. v. Hamilton, 7 Pa. Dist. Rep. 747.

Where a foreign corporation does not comply with the 2d section of the act, its business transactions are illegal and all contracts pertaining to it are unlawful: Trust Co. v. McCanna, 6 Pa. Dist. Rep. 25.

The question of interstate commerce does not arise where a foreign corporation undertakes to perform the contract, as in this case, by the delivery of the goods in this jurisdiction: Milsom Rendering & Fertilizer Co. v. Kelly, 10 Pa. Superior Ct. 565.

If the contention of the learned referee be correct, any foreign corporation could carry on business in this community without first taking out a license, by merely showing that the goods or merchandise supplied under its contracts were brought from outside the state.

*John Weaver*, with him *John Sparhawk, Jr.*, for appellees.— The only question involved in the case is, therefore, whether it was necessary for the West Jersey Ice Manufacturing Company to comply with the act of April 22, 1874, before they could do what admittedly they have done in this case, to wit: allow one of their agents to negotiate a sale of the commodity that they manufactured in New Jersey, and deliver the goods in Pennsylvania.

This question has been very carefully considered by this court and also by the Supreme Court in several well considered cases, some of them cited by the appellants, but the latest case decided by the Supreme Court, Wolff Dryer Co. v. Bigler & Co., 192 Pa. 466, seems to have escaped their attention.

The position attempted to be taken by the appellants is that because the West Jersey Ice Manufacturing Company delivered the ice in Pennsylvania that, therefore, they were doing business in the state within the meaning of the act of 1874 and cannot recover because they have not filed their certificate.   They admit by their argument that it would not have been necessary to file their certificate within the act of 1874 if they had merely sent their agent here and had made the contract that called for the delivery of the ice in New Jersey where it was manufactured. In other words, that the payment of the freight or the payment of the charges for delivery determines the fact whether or not the business was done in the state of Pennsylvania or in the state of New Jersey.   It is respectfully submitted that acts of congress regulating interstate commerce are not based upon any such narrow foundation and are not to be construed in such a way that the payment of freight by a vendor or vendee will determine whether or not the business is interstate commerce or not.

OPINION BY ORLADY, J., January 17, 1900 :

After this action was at issue in the court below it was, by

a written agreement of counsel, referred to an attorney under the provisions of the Act of April 22, 1874, P. L. 108. The referee heard the evidence and filed a report by which he directed a judgment in favor of the plaintiff. The defendant filed exceptions to this report which, after a hearing, were dismissed, and the report of the referee was then confirmed by the court. The defense urged on this appeal is, that under the evidence adduced the fact is established that the plaintiff, being a foreign corporation, was not registered in this commonwealth as required by law, and therefore it could not recover. This was not merely a sale of goods which were to be delivered in Pennsylvania. It was a contract for the delivery and storage of ice at designated places without regard to the source of supply or place of manufacture, and, if the case is to be decided solely upon the facts found in the referee's report, as a special verdict, the plaintiff is not entitled to recover, for the reason that it is not found as a fact that the property for which the plaintiff seeks to recover was brought into this state from another. An examination of the uncontradicted evidence of the plaintiff which is attached to the record shows that the plaintiff is a corporation, created by and existing under the laws of the state of New Jersey; that it manufactured artificial ice at Camden in that state; that the corporation was not registered in this state in compliance with our laws, at the time the suit was brought, nor prior thereto; that the contract which is the basis of this action was made in this state, and was to be performed in this state; that the amount claimed by the plaintiff is for ice, some of which was made at its manufactory in Camden, N. J., and some had been purchased elsewhere and delivered by wagons from Camden, N. J., and also from railroad cars in Philadelphia; that the contract provided for the delivery and storage of ice, seven cakes to the ton, at defendant's ice houses, at prices ranging from $1.40 to $2.15 per ton, " for first usual winter filling " and " for balance of year," and the deliveries began on March 20, and were intended to continue during the year 1896; that the plaintiff complied with its contract to date of June 13, 1896, though the number and amount of deliveries are not given. The only items in dispute are those from June 3 to July 8, 1896, and, as shown by the plaintiff's statement, it claims for $561\frac{3}{7}$ tons of ice, which had been delivered on fourteen different days to five different storage houses in Pennsylvania.

This case is materially different in its facts from any one decided by the Supreme or this Court. One of the objects of the Act of April 22, 1874, P. L. 108, was to bring corporations employing their capital in this state and doing any business here within the taxing power of the commonwealth: Kilgore v. Smith, 122 Pa. 48. The contract before us, having been made and performed in the state must be treated as a Pennsylvania contract: Perlman & Co. v. Sartorius, 162 Pa. 320. If a contract is made in violation of a statute there cannot be a recovery on it. It is not necessary that the statute should expressly declare the contract to be void; an action founded upon a transaction prohibited by a statute cannot be maintained although a penalty be imposed for violating the law: Holt v. Green, 73 Pa. 198; Thorne v. Ins. Co., 80 Pa. 15; Johnson v. Hulings, 103 Pa. 498. Foreign corporations have no absolute right of recognition in this state, but depend for that and the enforcement of their contracts here upon the assent of this state, according to the terms it may prescribe: List v. Com., 118 Pa. 322. He who seeks to avoid payment accruing to a foreign corporation in the ordinary course of business must show that the contract upon which suit is brought was in violation of the statute. On the other hand, where a foreign corporation seeks to enforce a contract, made in this state under like conditions the burden is upon it to show compliance with our laws in order to recover: Steel Tube Co. v. Riehl, 9 Pa. Superior Ct. 220. It was held by this Court in Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184, that "the words 'doing any business,' as used in the act, should not be construed to mean taking orders or making sales by samples, by agents coming into our state from another for that purpose. To hold otherwise would make the act offend against the constitution of the United States as imposing unlawful restrictions on interstate commerce. The business to which it refers does not include the taking of orders, or contracting for the sale of goods to be shipped from another state." The subject of the contract in that case was "one steam pump" which was delivered to a common carrier on board cars at Duquoin in the state of Illinois. That case was adopted by the Supreme Court in Mearshon & Co. v. Lumber Co., 187 Pa. 12, and, applying it to the facts at the time under consideration, it said: "The facts of the case cited are quite simi-

lar to those of the case at bar, and we regard the foregoing decision as quite in point, and controlling the question at issue. The facts being as stated in the opinion, viz: the plaintiff is a corporation duly incorporated in the state of Michigan. Its manufacturing operations are there conducted; its capital is there invested, none of it is invested here. The order for the goods in question was given to its salesman and agent in Pennsylvania, and by him sent to the plaintiff, who executed the order in Michigan." In Steel Tube Co. v. Riehl, supra, the action was on a promissory note which had been given pursuant to a contract made and executed in the state of New Jersey. In Wolff Dryer Co. v. Bigler & Co., 192 Pa. 466, the plaintiff contracted to deliver f. o. b. cars at Harrisburg, a "brick dryer" in which case the Supreme Court said, "It had no office or place of business in Pennsylvania, and no part of its capital was here. The machinery sold was shipped either directly from its factory in Chicago or upon its orders given to other manufactories. The fact that its agent came into this state and made contracts for machinery to be delivered here did not bring it within the inhibition of the act of 1874."

In like cases, where the contract has been successfully sued on, it has been found that the foreign corporation did not bring any of its capital into this state, nor did it make any investment here, and because of this it was held that it did not do any business in this state. In the case at bar we have a contract made in this state and performed here. While the plaintiff's place of business was in Camden, N. J., the contract contemplated not a single transaction, but a continuing business within this state during at least the ensuing ten months, which would require an employment or expending of its capital here. Its teams and wagons were used within the state to transport the ice to the defendant's five business points, and its employees earned wages here. The property in regard to which the contract was made was not a single article intended for a particular purpose, as a mill, a kiln or an engine, but it was an ordinary marketable commodity for which there was a common demand, and over which the plaintiff had entire control within the state; that is, it could deliver to the defendants or sell to other persons. Only a part of the property was made in Camden, N. J., and in order to comply with the terms of its contract, the bal-

ance was purchased from other dealers on board cars in Philadelphia. The evidence shows a doing of business within the state as certainly as if the plaintiff had delivered the output of its factory to any number of places in any part of the state, the only difference being in the degree and extent of the operation, the whole being conducted through its own transporting facilities. As was held in Fertilizer Co. v. Kelly, 10 Pa. Superior Ct. 565, it was, therefore, doing business in this commonwealth within the meaning of the act of 1874. It could recover only upon compliance with our statutory requirements. The eleventh and thirteenth assignments of error are sustained and the judgment is reversed.