## Building, Loan & Savings Association *v.* Berlin.

*Foreign corporation—Doing business—Agency of a building association
—Registration under the act not retroactive.*

An investment or employment of a part of the capital of a foreign build-
ing association within the state of Pennsylvania had through and by means
of an agency within the state for the prosecution of the company's corpo-
rate business, is a doing of business within the meaning of the Act of
April 22, 1874, P. L. 108, and where there has been a failure to register as
required by the act prior to a loan on mortgage, the facts disclose a doing
of business within the commonwealth in violation of the act, and there can
be no recovery on the mortgage.

The fact that the association did file with the secretary of the common-
wealth, subsequently to the creation of the mortgage, the statement re-
quired by the act, does not validate the transaction. Upon grounds of
public policy the contract is void.

Argued Oct. 22, 1900. Appeal, No. 213, Oct. T., 1899, by
defendants, in suit of People's Building, Loan and Savings As-
sociation against George T. Berlin and Sarah E. Berlin, from
judgment of C. P. McKean Co., Feb. T., 1896, No. 193, in favor
of plaintiff, in a case tried before the court without a jury.
Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and
W. D. PORTER, JJ. Reversed. Opinion by W. W. PORTER, J.
BEAVER, J., dissents.

Sci. fa. sur mortgage. Before MORRISON, J.

ESSENTIAL FACTS STATED BY THE SUPERIOR COURT.

The facts essential to a consideration of the question now
before us, taken from the findings of the court below, may be
marshaled as follows : The plaintiff association is a foreign
corporation. At the time of the making, executing and deliver-
ing of the mortgage it had not complied with the provisions of
the act of April 22, 1874. At the date of the transaction in-
volved in this controversy, it was employing a portion of its
capital in making loans in the city of Bradford, in the state of
Pennsylvania, secured by mortgages upon real estate in the
said state. A local board of the plaintiff association was or-
ganized in the city of Bradford. This board elected a secre-
tary and treasurer, designated and approved by the plaintiff

association. Payments upon stock and loans were made to this approved agent in the city of Bradford. The defendant, being a shareholder as well as a borrower from the plaintiff association, was instructed to pay his first instalment to " Elliott & Edgett, Receiver for his branch," who would " give him proper receipt for the same." The application of the defendant for the loan was made through Elliott & Edgett, the application being signed in the office of Elliott & Edgett, in the city of Bradford. The mortgage was acknowledged and executed in the city of Bradford and delivered by the defendant to the representatives of the association in Bradford to be transmitted to the plaintiff association. The money loaned was transmitted through the representatives of the association at Bradford to the defendant. The payments made by the defendant on account of the mortgage were to the " approved collectors of the association in the city of Bradford, who received their compensation through the moneys collected."

The court below ordered judgment to be entered in favor of plaintiff for $269.60 with interest and costs. Defendant appealed.

*Error assigned* among others was in directing judgment to be entered in favor of plaintiff.

*Geo. A. Berry* and *Edwin E. Tait*, with them *Robt. L. Edgett*, for appellants.—The act of April 22, 1874, which requires every corporation undertaking to do business in the state of Pennsylvania to establish an office and appoint an agent, etc., is mandatory. When a foreign corporation does not comply with the 2d section of the act, its business transactions are illegal and all contracts pertaining to it are unlawful: Citizens' Trust and Surety Co. v. McCanna & Frazer Co., 6 Pa. Dist. Rep. 25.

Compliance with the act of April 22, 1874, being a condition precedent, the burden is on the plaintiff to affirmatively show such compliance: Citizens' Trust, etc., Co. v. McCanna, etc., Co., supra.

The employment of a portion of the capital of a foreign corporation doing a building and loan business, in making loans within the commonwealth of Pennsylvania, such loans being

secured by mortgages on real estate situate in Pennsylvania, is a doing of business within the state of Pennsylvania, within the meaning of the act of April 22, 1874: Mearshon Co. v. Lumber Co., 187 Pa. 12.

The insuring of property in Pennsylvania through subagents is not " commerce between the states: " List v. Commonwealth, 118 Pa. 322.

The recent case of Swing v. Munson, 191 Pa. 582, seems to us conclusive of the contention raised by this record.

Wherever the evidence of a given case shows that the contract sued upon has been declared void by statute, the court will of its own motion and without request from the party interested, and even against his wishes, refuse to allow a recovery: Weed v. Cuming, 12 Pa. Superior Ct. 412.

There is no room for equitable presumption or estoppel in case of illegal contracts.

*E. R. Mayo* and *Chester M. Elliott,* with them *G. B. Mayo,* for appellee.—If a citizen of this state goes abroad to the office of a foreign corporation and there buys its goods, and gives his time note payable with interest at such office, such foreign corporation can come into the courts of this state and recover upon the note, notwithstanding the act of 1874: Mearshon & Co. v. Lumber Co., 187 Pa. 12; Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184.

So a contract completed by bond and mortgage is of the place where the bond and mortgage is delivered to obligee and mortgagee, and the money paid or put into the mail by him: Mills v. Wilson, 88 Pa. 118; Hyde v. Goodnow, 3 N. Y. 266; Holder v. Aultman, 169 U. S. 81; 2 Parsons on Notes & Bills (2d ed.), 324–327.

The appellee was not doing business in Pennsylvania within the meaning of the act: Kilgore v. Smith, 122 Pa. 48; Leasure v. Ins. Co., 91 Pa. 491; Bank v. Tanning Co., 170 Pa. 1.

The contract was not usurious under the laws of the state of New York: Laws of N. Y. 1851, chap. 122, and of 1875, chap. 564.

It was to be performed and the loan money, including stock dues, interest, premium and fines, if any, repaid to the secretary of the association at its principal office in Geneva, N. Y.

And this court will interpret and enforce the contract according to the laws and decisions of the state of New York : 2 Kent's Comm. 459; Andrews v. Pond, 38 U. S. 65; Bennett v. B. & L. A., 177 Pa. 233; The Merrimac Mining Co. v. Levy, 54 Pa. 227; Forepaugh v. Railroad Co., 128 Pa. 217.

OPINION BY WILLIAM W. PORTER, J., November 19, 1900:

This is an action by scire facias upon a mortgage secured upon real estate upon land in the city of Bradford, in the state of Pennsylvania. It was given by the defendant to the plaintiff association, a corporation incorporated under the laws of the state of New York, located at Geneva, in the county of Ontario, in the state of New York. The defense set up is, that the plaintiff being a foreign corporation, has not complied with the provisions of the act of 1874, prohibiting the "doing. of business" by foreign corporations, until they shall have established an office or offices and appointed an agent or agents, and until they shall have filed in the office of the secretary of the commonwealth a statement signed by the president and secretary, showing the title and object of the corporation, the location of its offices and the names of its authorized agents. The act further provides, that the certificate of the secretary of the commonwealth of the filing of such statement, shall be preserved for public inspection by each of said agents in each of said offices. In Lasher v. Stimson, 145 Pa. 30, it is said that "these terms are not onerous or in conflict with any constitutional provision or rule of public policy. But they are clearly prohibitory and they indelibly stamp as unlawful any business transaction within the state, by a foreign corporation which has not complied with them. It is only by its observance of them that it can have a legal existence for business purposes within this jurisdiction or acquire contractual rights which our courts will recognize."

The facts essential to a consideration of the question now before us, taken from the findings of the court below, may be marshaled as follows : The plaintiff association is a foreign corporation. At the time of the making, executing and delivering of the mortgage it had not complied with the provisions of the act of April 22, 1874. At the date of the transaction involved in this controversy, it was employing a portion of its

capital in making loans in the city of Bradford, in the state of Pennsylvania, secured by mortgages upon real estate in the said state. A local board of the plaintiff association was organized in the city of Bradford. This board elected a secretary and treasurer, designated and approved by the plaintiff association. Payments upon stock and loans were made to this approved agent in the city of Bradford. The defendant, being a shareholder as well as a borrower from the plaintiff association, was instructed to pay his first instalment to " Elliott & Edgett, Receiver for his branch," who would " give him proper receipt for the same." The application of the defendant for the loan was made through Elliott & Edgett, the application being signed in the office of Elliott & Edgett, in the city of Bradford. The mortgage was acknowledged and executed in the city of Bradford and delivered by the defendant to the representatives of the association in Bradford to be transmitted to the plaintiff association. The money loaned was transmitted through the representatives of the association at Bradford to the defendant. The payments made by the defendant on account of the mortgage were to the " approved collectors of the association in the city of Bradford, who received their compensation through the moneys collected." Finally, the land, as we have seen, upon which the loan was secured, was in the city of Bradford. In determining whether recovery is barred by a failure to observe the provisions of the act of 1874, we may not be moved by any equities between the parties. The act was not passed to affect private interests, but on grounds of public policy. Thus viewed, the question before us is strictly whether the transaction shown by the above facts was a doing of business by a foreign corporation within the state, within the contemplation of the act of 1874. We are of opinion that it was. It is apparent that to so hold upon the facts shown does not in any way conflict with the right of a citizen of Pennsylvania to borrow money from a foreign corporation and to secure its repayment by mortgage on real estate within the commonwealth. In such a case the corporation may sue in Pennsylvania to enforce payment of the loan: Leasure v. Ins. Co., 91 Pa. 491.

The words, " doing business," as used in the act of 1874, have been before the courts of the state for interpretation a

number of times. It would involve an undue extension of this opinion to review the cases separately. From an examination of them it will appear that the following considerations, inter alia, moved the court in reaching a decision: 1. That the corporation had or had not a part of its capital invested or employed within the state of Pennsylvania: Mearshon & Co. v. Lumber Co., 187 Pa. 12; Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184; Kilgore v. Smith, 122 Pa. 48; The Milsom, etc., Co. v. Kelly, 10 Pa. Superior Ct. 565; Wolff Dryer Co. v. Bigler, 192 Pa. 466. 2. That the contract in dispute was not a single transaction, but part of a continuing business: Ice Mfg. Co. v. Armour, 12 Pa. Superior Ct. 443. 3. That the company had offices and agents for the general conduct of its business within the state: Blakeslee Mfg. Co. v. Hilton, supra; Wolff Dryer Co. v. Bigler, supra. See also Trust Co. v. McCanna, 6 Pa. Dist. Rep. (U. S. C. C.) 25, and Southern Bldg. & Loan Assn. v. Riggle, 4 Pa. Dist. Rep. 617. 4. That the property affected by the contract was within the state, with a citizen of the state, which seems to be the ground upon which the recent case of Swing v. Munson, 191 Pa. 582, rests. The contract was one of fire insurance which the court assumed to have been lawfully made in Ohio. It was held to be a contract "in direct violation of the laws of this state; it was the indemnification of a citizen of Pennsylvania against loss by fire on property wholly within Pennsylvania; without regard to where the contract was made, the subject of it was property within this state; it is the attempt of a foreign insurance company to do business in this state in violation of the laws of this state." See also Insurance Co. v. Sharpless, 12 Pa. Superior Ct. 333. In the case before us the defendant is a citizen of Pennsylvania, and the proceeding being on a mortgage and therefore in rem, the subject of the contract is property within this state. Apparently (if the case just cited has been properly understood), the situs of the property affected is an important factor in determining the status of contracts with foreign corporations; and if the test is applicable to other than insurance contracts, the decision goes far toward holding the plaintiff in the present case without right to recover. We prefer, however, to put this judgment upon the grounds that the transaction before us involved an investment or employment of a part of the plaintiff company's capital within

the state of Pennsylvania, and was had through and by means of an agency within the state for the prosecution of the company's corporate business.

In order to escape the voiding of the contract by the company's failure to register as required by the act of 1874, the appellee shows that subsequently to the giving of the mortgage upon which suit is brought, the association did file with the secretary of the commonwealth the statement required by the act. It is contended that this having been done but a short time after the execution of the mortgage, it validates the transaction. This contention cannot be sustained. Upon grounds of public policy the contract is void. The subsequent act of the foreign corporation in filing the statement with the secretary of the commonwealth could not vitalize that which was dead. If any inference is to be drawn from the fact of the filing of the statement, it is that the foreign corporation in the conduct of its business had been doing, before the filing, that business which subsequent to the filing it intended to pursue within the commonwealth of Pennsylvania.

The plaintiff company further contends that the defendant was a member and stockholder of the association, and that having received the full matured value of his stock advanced to him as a loan, he is estopped from setting up the failure of the company to comply with the provisions of the act of 1874. The action before us is upon a mortgage upon which a loan was made. Whatever the relation of the corporation to the defendant may have been, the corporation has brought before us a proceeding in rem. We are called upon to pass upon the right to foreclose the mortgage to collect the money loaned. As before said, we take no account of the equities between the parties in enforcing the provisions of an act of assembly, having regard not to private right but to public policy. Were all the equities weighed, however, it may be that the beam of the balance would dip in the defendant's favor.

The facts of this case disclose a transaction which was a doing of business within the commonwealth in violation of the statute. We are of opinion that error was committed by the court below and the judgment is reversed.

BEAVER, J., dissents.