## Alcorn Combustion Co. v. M. W. Kellog Co., Appellant.

Argued December 6, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Frederic L. Clark,* with him *John Franklin Shields,* for appellant.—The Kellog Company was not "doing business" in Pennsylvania at the time the suit was begun: Shambe v. R. R., 288 Pa. 240; Wagner v. Covington, 251 U. S. 95; Wolff Dryer Co. v. Bigler, 192 Pa. 466; De La Vergne Refrigerating Machine v. Kolischer, 214 Pa. 400; York Mfg. Co. v. Colley, 247 U. S. 21; Delaware River Quarry, etc., Co. v. Ry., 204 Pa. 22;

Browning v. Waycross, 233 U. S. 16; General Ry. Signal Co. v. Virginia, etc., Corp., 246 U. S. 500; Kansas City Steel Co. v. Arkansas, 269 U. S. 148.

*Owen J. Roberts,* with him *Benjamin O. Frick,* for appellee.—A foreign corporation doing business in Pennsylvania, which is wholly interstate in character, may be sued in our courts: International Harvester Co. v. Kentucky, 234 U. S. 579; Shambe v. R. R., 288 Pa. 240.

Appellant was doing business in Pennsylvania at the time this action was brought: General Ry. Signal Co. v. Virginia, etc., Corp., 246 U. S. 500; Kansas City Steel Co. v. Arkansas, 269 U. S. 148.

OPINION BY MR. JUSTICE SCHAFFER, January 28, 1929:

This is an appeal by defendant from an order of the court below discharging a rule to set aside the service of process upon it in an action of assumpsit. Both parties are foreign corporations registered to do business in this State. The writ was served on the secretary of the Commonwealth as the duly constituted agent of defendant to accept service under the provisions of the Act of June 8, 1911, P. L. 710.

The grounds upon which the court was asked to set aside the service were that appellant is not doing business in Pennsylvania and that plaintiff, being a foreign corporation, cannot sue in this State another foreign corporation, which does no business here, on a contract made in another state, the litigation not resulting from any acts of the defendant in Pennsylvania.

It seems quite difficult, from all that appears in the record, to state what would not amount to a doing of business by appellant when it seems so obvious to us, from what is shown, that it is doing business here. It sells to purchasers in Pennsylvania oil cracking and refining plants manufactured outside of the State and also radial brick chimneys. The contract prices of the oil cracking and refining plants constructed by it in Penn-

sylvania since 1924, including one under construction at the time the present suit was brought, total more than $3,378,000. The chimneys which appellant constructs are not only made from materials, most of which, and in many cases, all of which, come from Pennsylvania, but they are purchased here, delivered to appellant here, and used here in the construction of the chimneys. During the year preceding the hearings in this case, appellant used about 1,000 tons of bricks in the construction of these chimneys. Whether the employees who engage in the construction of the oil plants and chimneys are hired here or elsewhere, they perform all their work here and are paid here. ·The time required to build one of the oil plants runs from six months to more than a year. The contracts for their erection do not provide for the sale of machinery elsewhere and their subsequent erection here, but that the "contractor shall furnish and provide all the necessary materials and perform all the necessary work for the complete construction" of the plants. What appellants are doing is erecting large plants in this State containing specially designed and patented machinery and appliances made by them outside the State. They are not simply erecting machines manufactured here and sold elsewhere. If they are not doing business here, then no corporate contractor from outside could be said to be. Their contracts are construction contracts rather than agreements of sale.

But, in addition to all this, defendant is registered to do business in Pennsylvania, files tax reports and pays taxes here. In its tax report to the State authorities for 1927, it stated that it had "capital wholly employed within the State, raw material, finished products and merchandise $14,297.91, equipment and machinery $700." In answer to the request "State date of commencement of business in Pennsylvania" it set forth "Since organization." The 1927 report was filed after the issuance and service of the writ in this case. It is argued by appellant's able counsel that the reports were

erroneously filed and the taxes mistakenly paid on the improper advice of another attorney, that the property covered by the reports was only temporarily stored in Pennsylvania and therefore not liable to taxation. We need not go into that question nor do we say that the filing of the reports and the tax payments conclusively establish a "doing of business" here by appellant. They do show, however, that it recognized it was engaging in business within our jurisdiction and what it actually carried on clinches the correctness of its own conclusion.

The mere fact that a foreign corporation is engaged wholly in doing business of an interstate character does not prevent its being sued here when it does business in this State: International Harvester Co. v. Kentucky, 234 U. S. 579. As was said by Mr. Justice Kephart, speaking for the court in Shambe v. Delaware & Hudson R. R. Co., 288 Pa. 240, "The fact that a foreign corporation is engaged solely in interstate commerce does not prevent its being sued in our courts or becoming amenable to our laws. If what they are doing, whether intrastate or interstate, amounts to a 'doing business' within the state, the requirements of the Fourteenth Amendment to the federal Constitution are satisfied: International Harvester Co. v. Kentucky, 234 U. S. 579...... Such corporations are within the state, receiving the protection of its laws. Where a foreign corporation is in fact doing business in the state as that term is understood, it is immaterial what the commerce may be; they are 'here' within our jurisdiction. Decisions relating to taxing, licensing or to state laws that impede the free flow of interstate commerce do not control the question of service of process."

Appellant argues that this case is in the class in which there is a sale by a manufacturer in a foreign state of a complex article or machine and part of the contract is that the manufacturer is to install it or erect it in Pennsylvania, citing such cases as Wolf Dryer Co. v. Bigler, 192 Pa. 466; De La Vergne Refrigerating Machine Co.

v. Kolischer, 214 Pa. 400; Williams v. Golden & Crick, 247 Pa. 397. The "doing of business" with which we are here dealing is not at all similar to what was done in those cases; in the instant case the appellant is constructing large plants and chimneys. Leaving out all else that it does, necessarily the erection of the chimneys must be a doing of business in Pennsylvania.

Appellant's second position is that the plaintiff, a Delaware corporation, cannot sue it, also a Delaware corporation, in this State upon a cause of action arising out of a contract made in New York. Appellant argues registration alone is not sufficient to validate the service of process and that a foreign corporation cannot be sued in Pennsylvania on a transitory action arising outside the State, if it is registered here unless it is doing business here; but as we have determined the latter question in the affirmative, that ends the argument on this phase of the case.

The order of the court below is affirmed at appellant's cost.