# Delaware River Quarry & Construction Company, Appellant, *v.* Bethlehem & Nazareth Passenger Railway Company.

*Corporations—Foreign corporations—Registration—Act of April 22, 1874, P. L. 108.*

The purpose of the Act of April 22, 1874, P. L. 108, is to bring foreign corporations doing business in this state, within the reach of legal process. This purpose is not accomplished by a registration of the corporation at the pleasure of its officers or when it may be to their interest to appeal to our courts. Nothing short of a registration before the contract sought to be enforced is made can give a foreign corporation a right of action.

Where a foreign corporation comes into this state and engages in the business of constructing an electric railway during a period of six months, and in this business employs large numbers of men and nearly all of its capital, and does not file a statement in the office of the secretary of the commonwealth as required by the Act of April 22, 1874, P. L. 108, until two months after the work was completed, it cannot maintain an action for labor and materials furnished by it during the progress of the work.

MITCHELL, J., dissents.

Argued May 26, 1902. Appeal, No. 31, Jan. T., 1901, by plaintiff, from decree of C. P. Northampton Co., Sept. T., 1900, No. 4, dismissing bill in equity in case of Delaware River Quarry & Construction Company v. Bethlehem & Nazareth Passenger Railway Company, Bethlehem Construction Company, State Trust Company, Lehigh Valley Traction Company and Guaranty Trust Company. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Creditor's bill in equity for a receiver.

From the pleadings it appeared that plaintiff claimed the sum of $31,765.43 for labor and material furnished in the construction of ten miles of electric railway for the Bethlehem & Nazareth Passenger Railway Company. It appeared that the railway company leased its line to the Lehigh Valley Traction Company, and that the latter had given a mortgage to the Guaranty Trust Company of New York. The plaintiff company was chartered under the laws of the state of New Jersey, and was registered in Pennsylvania on February 23, 1900, about two months after the work on the railway was completed. The defendants demurred to the bill, and the court in an opinion by SCOTT, J., sustained the demurrer.

*Error assigned* was the decree sustaining the demurrer.

*E. J. Fox*, with him *J. W. Fox* and *Pennell C. Evans*, for appellant.—The plaintiff was not doing business within the meaning of the act: Cooper Mfg. Co. v. Ferguson, 113 U. S. 734 (5 Sup. Ct. Repr. 739); Fritts v. Palmer, 132 U. S. 282 (10 Sup. Ct. Repr. 93); Phila. Fire Assn. v. New York, 119 U. S. 110 (7 Sup. Ct. Repr. 108); Hoagland v. Segur, 9 Vroom, 230; Murphy Varnish Co. v. Connell, 32 N. Y. Supp. 492; Tallapoosa Lumber Co. v. Tolbert, 39 N. Y. Supp. 432; Potter v. Bank of Ithaca, 5 Hill, 490; Suydam v. Morris Canal & Banking Co., 6 Hill, 217; Neuchatel Asphalt v. The Mayor, 155 N. Y. 373 (49 N. E. Repr. 1043); Steele v. Reilly, 9 Pa. Superior Ct. 224; Kilgore v. Smith, 122 Pa. 48; Wolff Dryer Co. v. Bigler, 192 Pa. 466.

The purpose of this act and the constitutional provisions was purely with reference to possible litigation and the service of process. It is not unreasonable, therefore, to assert that this act of assembly relates to the remedy and the enforcement of the rights of a foreign corporation in the courts of the state, rather than to its ability either to make a contract, or after it has performed work, to recover what is justly due and owing to it: Neuchatel Asphalt Co. v. The Mayor, 155 N. Y. 373 (49 N. E. Repr. 1043); Cæsar v. Capell, 83 Fed. Repr. 423; West Jersey Ice Manufacturing Co. v. Armour & Co., 12 Pa. Superior Ct. 433; Wright v. Pipe Line Co., 101 Pa. 204.

*George R. Booth* and *W. S. Kirkpatrick,* for appellees.— Foreign corporations have no absolute right to transact business in this state, and can only acquire it by compliance with our law: List v. Commonwealth, 118 Pa. 322 ; Thorne v. Travelers Insurance Co., 80 Pa. 28 ; Seidenbender v. Charles, 4 S. & R. 151 ; Columbia Bank, etc., Co. v. Haldeman, 7 W. & S. 233 ; Lasher v. Stimson, 145 Pa. 35.

If a plaintiff cannot open his case, without showing that he has broken the law, a court will not assist him, whatever his claims in justice may be upon the defendant; and if the illegality be malum prohibitum only, the plaintiff may recover, unless it be directly on the forbidden contract: Swan v. Scott, 11 Sergeant & Rawle, 164 ; Mitchell v. Smith, 4 Dallas, 269 ; Maybin v. Coulon, 4 Dallas, 298 ; Johnson v. Hulings, 103 Pa. 498.

Until the act of assembly has been complied with no business can be lawfully done by a foreign corporation and any claim growing out of such business will not be enforced by the courts: Phœnix Silk Mfg. Co. v. Reilly, 187 Pa. 526 ; West Jersey Ice Mfg. Co. v. Armour & Co., 12 Pa. Superior Ct. 443 ; Lasher v. Stimson, 145 Pa. 35 ; Bldg., etc., Assn. v. Berlin, 15 Pa. Superior Ct. 393 ; Bldg., etc., Assn. v. Neal, 15 Pa. Superior Ct. 400 ; Lestapies v. Ingraham, 5 Pa. 81.

OPINION BY MR. JUSTICE FELL, October 13, 1902 :

The effect given by our decisions to the Act of April 22, 1874, P. L. 108, is to prohibit a recovery by a foreign corporation on a contract made in violation of the provisions of the statute. The plaintiff, a New Jersey corporation, without having complied with the act, constructed in this state ten miles of road bed, laid the tracks, turnouts and switches, and erected the overhead appliances necessary for the complete operation of an electric railway. It was engaged in this work for more than six months. Its claim is on a quantum meruit for the separate items for labor and materials furnished during the progress of the work. These facts appear from the bill filed, to which the defendant demurred, and on them the decision of the court is based.

This act has been liberally construed, and isolated transactions between a foreign corporation and citizens of this state

have been held not to come within its prohibition, and only such corporations as have entered this state by their agents and prosecuted their ordinary business here, have been considered as "doing business" in violation of the act. That the plaintiff is within the prohibition, there is little room for doubt. It came into the state with its agents and workmen, and for the period of six months was engaged in the continuous prosecution of its ordinary business, employing a large amount if not all of its capital, and creating new obligations day by day. This subject, as well as that of the inability of the plaintiff to recover in a proceeding that disclosed as its only basis the forbidden contract, and the question of the defendant's estoppel have been fully and ably discussed by the learned judge, and nothing can profitably be added to what is so well said in the opinion filed.

It has been argued with much force and learning that the registration of the plaintiff corporation in the office of the secretary of state two months after the work was completed and before suit was brought, was a sufficient compliance with the act of 1874. The apparent hardship to the plaintiff of a denial of the right of action in our courts has led us to consider the subject with care, and we do not see that it affords any grounds of relief. The act was passed to carry into effect section 5 of article 16 of the constitution, which provides that "no foreign corporation shall do any business in this state without having one or more known places of business, and authorized agent or agents in the same upon whom process may be served." By section 2 of the act it is provided that no foreign corporation shall do any business in this commonweath until it shall have filed in the office of the secretary of state a statement showing the title and object of the corporation, the location of its office, and the name of its authorized agent.

The purpose of the act is to bring foreign corporations doing business in this state within the reach of legal process. This purpose is not accomplished by a registration of the corporation at the pleasure of its officers, or when it may be to their interest to appeal to our courts. The act is for the protection of those with whom it does business or to whom it may incur liability by its wrongful acts, and nothing short of a registration before the contract that it seeks to enforce is made, can

give it a right of action. Any other construction of the act would violate its plain words and wholly defeat its object by affording protection to the corporation and denying it to the public.

The decree of the court sustaining the demurrer and dismissing the bill is affirmed at the cost of appellant.

MITCHELL, J., dissenting:

The act of April 22, 1874, is a highly penal act, and the dishonest use made of it in this case is a sharp reminder of the necessity of adherence to the general rule of strict construction of such statutes.

This was but a single transaction although it occupied several months. I cannot consider it a " doing business " within the statute, any more than would have been a single sale of 10,000 tons of iron which might require a long time for delivery. The statute means carrying on the business generally or assuming to do so.

Even if this were less clear than it seems to me, I would still reverse on the other ground that registration at the time of suit was sufficient. The purpose of the act is to prevent foreign corporations from coming into this state, making contracts and then getting out of reach of process for a breach. The moment they put themselves within the reach of our courts, the object of the statute is attained, and I see no good or just reason for giving its words a larger application.