## Hoffman Construction Company *v.* Erwin, Appellant.

Argued May 16, 1938. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Webster Grim,* with him *Robert H. Grim* and *Grim & Grim,* for appellant.

*Arthur M. Eastburn,* for appellee.

Opinion by Mr. Justice Drew, June 30, 1938:

Plaintiff, a New Jersey corporation, brought this action of assumpsit to recover for work done in Pennsylvania. Defendant filed a petition, under the Act of March 5, 1925, P. L. 23, for a preliminary determination of plaintiff's right to bring the action. The petition alleged that plaintiff was doing business in Pennsylvania without registering as required by the Act of May 5, 1933, P. L. 364, section 1001. A rule was issued on plaintiff, plaintiff answered, and a hearing was held. It appeared that plaintiff was not registered to engage in business in Pennsylvania, but the court below found that the transaction with defendant was an isolated instance and did not amount to "doing business" within the meaning of the Act of 1933. This appeal followed.

Plaintiff had the contract to do certain landscaping, grading and road construction on defendant's estate in Bucks County. The contract was varied from time to time by additional agreements for extras and by certain changes in specifications. The work was in prog-

ress for about four months. Materials for it were purchased in Bucks County. The equipment required was brought from New Jersey, with the exception of several trucks which were hired locally. A few workmen were hired here. Plaintiff had neither office nor resident agent in Pennsylvania. The gross charge for the work under the written and oral contracts was $4,471.74.

The purpose of the Act of 1933, supra, is to bring foreign corporations doing business in this State within the reach of legal process. The act is for the protection of those with whom such corporations do business or to whom they may incur liabilities by their wrongful acts. It is also to bring such corporations within our tax laws. There is no logical reason why a foreign corporation should be allowed to avoid these requirements, even though it entered the State only to perform one contract. The legislature may place such restrictions on foreign corporations entering the State to do business as it deems necessary, so long as they do not interfere with the Federal Constitution.

In the instant case, while the plaintiff's place of business was in New Jersey, the contract contemplated not a single act, but a continuing project within this State for at least four months. Plaintiff's agents and employees were here to supervise and do the work, employ labor and purchase materials. New obligations were incurred as the need arose. The acts which were done in this State were not a mere incident of plaintiff's corporate existence, but were the performance of the very function for which the corporation was organized. The fact that part of its capital, as represented by wages, trucks, tools, etc., was not permanently invested here is of no consequence: cf. *West Jersey Ice Mfg. Co. v. Armour & Co.*, 12 Pa. Superior Ct. 443.

The above factors bring the instant case directly under the decision of this court in the case of *Delaware River Quarry Co. v. Bethlehem & Nazareth Pass. Ry. Co.*, 204 Pa. 22. There a New Jersey corporation en-

tered this State without registering and spent six months constructing ten miles of electric railway. It brought in its agents and workmen, used nearly all its capital here, and created new obligations day by day. It was not allowed to sue, even though it registered after the completion of the work, but before suit was brought, any possibility of recovery being thereby precluded. Under the Act of 1933, however, subsequent registration and the payment of a fine protects the corporation, as section 1014 specifically provides that the contracts shall be valid, but unenforceable until compliance. The difference between the amount of construction work called for in the two cases makes no difference.

In referring to the question whether or not a foreign corporation was "doing business" within the meaning of the Act of April 22, 1874, P. L. 108 (the forerunner of our present act), Judge WILLIAM W. PORTER said: "The tests of the application of the Act of 1874, as shown by previous adjudications in Pennsylvania, are whether the foreign corporation shall have an agent in the state of Pennsylvania; or shall have offices for the general conduct of its business in the state; or shall conduct its corporate business in the state; or shall have a part of its capital invested in the state": *Pavilion Co. v. Hamilton,* 15 Pa. Superior Ct. 389, 392. The last two mentioned tests are clearly applicable to the instant case. The rule as to "isolated transactions" not being within the meaning of the phrase "doing business" has been limited to single transactions, such as the ordering of one machine *(Stoner v. Phillipi,* 41 Pa. Superior Ct. 118), the selling of one machine *(Wolff Dryer Co. v. Bigler & Co.,* 192 Pa. 466), the holding of one corporate meeting: *Pavilion Co. v. Hamilton,* supra.

A case relied upon by both the court below and the appellee is *Williams v. Golden & Crick,* 247 Pa. 397, but this decision is not applicable to the question before us, because there the contract for the manufacture of

bronze castings was performed outside the State, and setting them in place by the manufacturer within the State was held to be merely incidental, and so far removed from "doing business" here that even though plaintiff had done the same thing numerous times before, it did not matter. No one would suggest that if the instant plaintiff went on accepting contracts similar to the one it executed that it would not constitute "doing business" under our statute.

Order reversed, and rule made absolute.