## LeVelle et al. v. The Pennsylvania R. R. Co. et al.

*Barnes, Dechert, Price & Smith,* for petitioner.
*Blanc & Steinberg,* contra.

WINNET, J., March 5, 1945.—Defendant The New York, New Haven & Hartford Railroad Company has filed a petition under the Act of March 5, 1925, P. L. 23, 12 PS §672, to set aside the service of the summons for want of jurisdiction.

The action is in trespass by plaintiffs, consignees of freight delivered to defendant, The New York, New Haven & Hartford Railroad Company in Deep River, Conn., and delivered by defendant The Pennsylvania

Railroad Company in Philadelphia. The consignees claim that the freight was delivered in a damaged condition.

The summons was served upon a Mr. Quinn, clerk in charge of the Philadelphia district traffic office of The New York, New Haven & Hartford Railroad Company. The petition sets forth in substance that the New Haven does not do business in the County of Philadelphia, or in the State of Pennsylvania, to the extent to make it amenable to process of the court.

The petition, answer, depositions, and stipulation developed these facts: The New Haven is a corporation of the States of Connecticut, Rhode Island, and Massachusetts, but is not registered as a foreign corporation to do business in Pennsylvania. (Since 1935 the New Haven has been in reorganization proceedings under section 77 of the Bankruptcy Act, 30 Stat. at L. 588, 11 U. S. C. §380, and is being operated by trustees, none of whom are residents of Philadelphia County or live in Pennsylvania.) An office is maintained in the Widener Building, in Philadelphia, and is in charge of a district traffic agent and five other employes, four of whom are constantly in the territory promoting business for the company. The territory covered by the activity of the office includes the eastern part of Pennsylvania, Delaware, Maryland, Virginia, District of Columbia, and South Jersey.

The New Haven's principal office is at New Haven, Conn., and its physical line extends from New York City to Boston and other points in Massachusetts. No part of its roadbed is in Pennsylvania, nor does it operate any locomotives or trains in Pennsylvania. The office in Philadelphia does not issue any bills of lading, does not make any contracts, does not handle any money, nor does it maintain a bank account. The employes are paid through the home office in Connecticut. The timetables of the railroad list Philadelphia as a station for embarkation and disembarkation of

passengers. They indicate that trains are run between Washington, D. C., and Quebec, Canada, and Philadelphia is given as an intermediate station. The company advertises through car service, but such equipment when in operation in Pennsylvania is not in charge of any of the New Haven employes.

The New Haven also has an office in the Commercial Trust Building which is used as headquarters for two resident material inspectors and a stenographer. Their duties are to inspect material being purchased by the New Haven in this district.

Does this activity constitute a doing of business such as would make the New Haven amenable to the process of the Philadelphia County court? The question is not free from doubt. Authorities can be cited to show that under similar circumstances courts have held such activity does not constitute doing business: Maxfield v. Canadian Pac. Ry Co. et al., 70 F. (2d) 982 (Minn.) ; Trizna v. New York Central et al., 57 Fed. Supp. 484 (N. Y.) ; State ex rel., etc., v. Rutledge, 331 Mo. 1015, 56 S. W. (2d) 28; Dineen et al. v. United Airlines Transport Corp. 2 N. Y. S. (2d) 567. There are authorities to the contrary, although they contain some distinguishing factor: Weitzel v. Weitzel, 230 Pac. 1106 (Ariz.) ; Norton v. Atchison, T. & S. F. R. R. Co., 61 Fed. 618 (Calif.).

The difficulty is that we have no satisfactory definition of what constitutes doing business so as to make a foreign corporation amenable to the process of the court. In this respect the A. L. I. Restatement was not of any help: A. L. I. Conflict of Laws, sec. 167. The most we can say is that the acts done by foreign corporations must constitute some substantial part of the ordinary business and must be continuous, or at least of some duration: International Text Book Co. v. Pigg, 217 U. S. 91, 104. Even as thus defined there is bound to be difference of opinion as to whether the acts constitute some substantial part of the ordinary busi-

ness of the corporation. For example, we have authorities in Pennsylvania which state that isolated transactions cannot constitute doing of business so as to make a foreign corporation subject to local jurisdiction: Wolff Dryer Co. v. Bigler et al., 192 Pa. 466; Williams v. Golden & Crick, 247 Pa. 397; Pavilion Co. v. Hamilton, 15 Pa. Superior Ct. 389; Stoner v. Phillipi, 41 Pa. Superior Ct. 118. And we have Hoffman Const. Co. v. Erwin, 331 Pa. 384, holding that even one transaction subjected a foreign corporation to process in this State, the court saying that the acts which were done involved an activity of a few months and were not merely incidental to the business of the plaintiff corporation but were the performance of the very function for which the corporation was originated and evolved. The whole subject has ever been a fruitful source of litigation, because essentially it is a question of fact and the circumstances differ in every case.

Accepting the general definition, that the acts must constitute some substantial part of the ordinary business, and some continuity, the final decision in the last analysis rests on a balancing of interests. It should be helpful if we so recognized it. There is the interest of the corporation to be considered. To require it to be answerable in every jurisdiction where it does some business would be extremely burdensome. There is the interest of the community involved which benefits from the activity which ought to be considered, benefits of which it may be deprived by a severe rule. And there is the interest of the claimant to be considered, particularly when he is a resident of the jurisdiction. Shall he be subjected to the hardship of going to a distant point to bring suit on his claim?

Consideration of all these interests indicates that the service of the process in this case should be set aside. The factor which weighs heavily against the New Haven is that its business activity has a degree of permanence in Philadelphia County. It has two offices

which have been maintained for some years. But the business being conducted in these offices is incidental to the railroad business and constitutes a very small part of it. The greatest part of it is promotional work, the encouraging of the use of the New Haven lines. From a reading of the depositions the activity of the salesman could hardly rise to the dignity of solicitation. And solicitation has certainly been held not to be a doing of business which would make a foreign corporation answerable to local process. In Hitchner Wall Paper & Paint Co. v. Shoemaker, 75 Pa. Superior Ct. 520, there was solicitation, plus a listing in a telephone book and a delivery in Pennsylvania, and it was held not to constitute doing business. (For a further collection of authorities on solicitation as constituting doing business, see 20 C. J. S. (Corporations) 166, §1920.)

Plaintiffs' counsel emphasized the railroad timetables which show that Philadelphia is an intermediate station for embarkation and disembarkation of passengers on through trains from Boston to Washington, D. C. Some of the New Haven equipment passes through the county but always in control of the Pennsylvania Railroad and its employes. These factors cannot be tests of jurisdiction. Timetables of railroad companies often contain points which their own facilities do not reach, but are reached through connecting carriers. In any one year freight cars of probably every railroad in the country pass through Philadelphia County. It would be a distinct hardship and burden to the New Haven, or to any other railroad to make it answerable to suits in this county on these factors.

What about plaintiffs' interests? Will it be a hardship on plaintiffs to deny this process? The answer is obviously not. The Pennsylvania Railroad has been named as a defendant. It is the terminal carrier and under the Carmack Amendment is answerable to plaintiffs for the damaged shipment: 49 U. S. C. §20(11).

Plaintiffs are aided in their suit against The Pennsylvania Railroad by a presumption of liability for delivery of damaged goods after proof of delivery in good condition to the initial carrier: Wray, Moore & Co. v. American Railway Express Co., 75 Pa. Superior Ct. 425; Remington v. Barrett, 235 N. Y. 519, 188 N. Y. Supp. 174; Lewis et al. v. Joyner, 113 S. E. 829 (Ga.).

An additional factor which should be considered in the balancing of interests is where the cause of action arose. By no means is it a conclusive factor. But once having found some business activity this should be considered. If the very activity in the county of the foreign corporation gave rise to the cause of action, then it should be a factor in the ultimate conclusion whether the corporation should be made amenable to the process of the local courts. This factor, of course, is not present in the present suit as the record does not reveal that the right of action arose in Philadelphia County.

Considering the New Haven's limited activity in Philadelphia County, and balancing the interests involved, we come to the conclusion that it should not be answerable to process of our courts in this county.

On behalf of plaintiffs it is also urged that New Haven is subject to the process of this court under section 1011 of the Business Corporation Law of May 5, 1933, P. L. 364, 15 PS §2852-1011, for the reason that the right of action arose in this county. This section authorizes service of process against a foreign corporation upon the Secretary of the Commonwealth and provides "such process may be issued by any court . . . and county in which the right of action arose." It should be sufficient to say there is not involved in this case such process. Service was not made on the Secretary of the Commonwealth but on the agent in charge of the district office in Philadelphia County. To which might be added, there is nothing in the record to indicate the right of action arose in Philadelphia County.

Receipt of the damaged goods by plaintiffs gave them a cause of action but did not necessarily determine that it arose in this county. See Openbrier et al. v. General Mills, Inc., 340 Pa. 167.

The rule to show cause why the service of the summons on The New York, New Haven & Hartford Railroad Company should not be set aside is, therefore, made absolute. Exception is allowed to plaintiffs.