# Poole v. Navarro Corporation

*Edward B. Doran* and *Frank S. Lucente*, for plaintiff.

*Maurice Chaitkin* and *Simon K. Uhl*, for defendant.

LANSBERRY, P. J., June 30, 1952.—Plaintiff, Edwin R. Poole, a resident of Westmoreland County, Pa., instituted this action in assumpsit in the Court of

Common Pleas of Somerset County against defendant, Navarro Corporation, claiming certain construction machinery rentals and repair bills due him. Preliminary objections were interposed challenging first, the jurisdiction of this court and, second, the service of process.

This defendant is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and having its registered office and principal place of business at 6219 Broad Street, Pittsburgh, Allegheny County, Pa. The business of defendant is that of large construction operations and it so operates in many localities, among which is the present erection of several buildings at the Somerset State Hospital near Somerset under a contract with the General State Authority of the Commonwealth of Pennsylvania. Defendant has no other operations in this county, does not maintain a business office here, uses for the most part rented equipment in its local construction work, receives its mail care of the Somerset State Hospital, employs as its work superintendent one Frank J. Braun, who is in fact a foreman and is not either an executive officer, director, partner or trustee of the corporation, nor an agent in charge of any office or usual place of business and is not an agent authorized to accept or receive service of process. At the hospital site, defendant has a temporary frame building for housing plans, specifications and other records and data pertaining to this particular construction work; in this building defendant has a telephone used solely in the work under this contract. Defendant has no other contracts involving its business operations in Somerset County.

Actions involving corporations and similar entities as parties are now governed by Pennsylvania Rules of Civil Procedure, effective August 1, 1944. Rule

2179, Venue, is the applicable rule and the pertinent portion is as follows:

"(a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

"(1) the county where its registered office or principal place of business is located; or

"(2) a county where it regularly conducts business."

Section (b) of the rule has to do generally with insurance companies and is not here concerned; no act of assembly affects venue as herein presented.

The language of the rule is clear, definite and positive and needs no court construction; rather, it is only a matter of application of the rule to the facts of the situation.

Admittedly, Somerset County is not the county of the registered office of defendant, nor is it the county of its principal place of business. Defendant's operations in this county are temporary only. The fact that it has a frame structure in which to house its plans, specifications and other data and as well a telephone therein, does not establish an office here in the sense of a business office for the conduct of defendant's business; the fact that its routine business operations, as well as particular business operations in connection with this contract, as well as its many other construction jobs currently in progress are transacted in the Pittsburgh office, negatives the idea of its business office being located here, as contended by plaintiff.

Plaintiff urges upon us the cases of Delaware, etc. v. Bethlehem, etc., 204 Pa. 22, and Hoffman Construction Company v. Erwin, 331 Pa. 384, as determinative of the present issue; those cases relate to foreign corporations, not domestic, and are not here applicable.

In the recent case of Lutz v. Foster & Kester Co., Inc., et al., 367 Pa. 125, wherein a foreign corporation was also involved, the court said with reference to what constitutes "doing business,":

"There is, however, no general principle or standard whereby it may be conclusively determined in all instances what constitutes 'doing business'. To an extent, the decision in each case depends upon its own peculiar facts."

That statement is applicable to domestic corporaporations, as well as foreign, when considering the question of venue.

In Loprete v. Langcliffe Collieries, Inc., 67 D. & C. 438, Judge Hoban suggested:

"It is to be observed, however, that mere ownership of property by a corporation defendant in a county no longer gives that county venue as to personal actions against such corporations. See Pa. R. C. P. 2179."

Judge Parker in Philadelphia Gear Works v. Read Machinery Co., Inc., 139 Pa. Superior Ct. 584, reviewed and compared the leading cases and in a case much more persuasive in its facts for plaintiff than the instant case, held that defendant domestic corporation was not amenable to service of process in Philadelphia County where it had rented an office used by its salesmen in soliciting orders, receiving complaints which were transmitted to the principal office in York County and where also its mechanics made installations and repairs and conducted other activities of its employer's business.

From a careful review of the facts in this case to which we have applied the present law of the subject, we are satisfied that the action was improperly instituted in this jurisdiction and accordingly must sustain the first preliminary objection. It thus becomes unnecessary to pursue the second preliminary objection and we shall accordingly enter the following

*Order*

Now, June 30, 1952, the first preliminary objection is sustained and the complaint in assumpsit is dismissed at the cost of plaintiff.