# Wenzel v. Morris Distributing Co., Inc., Appellant.

Argued January 19, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*M. Rosenn,* with him *Henry Greenwald, John A. Duvall,* and *Rosenn, Jenkins and Greenwald,* and *Mahaley & Duvall,* for appellant.

*Harold B. Fink, Jr.,* for appellee, submitted a brief.

OPINION BY MR. JUSTICE POMEROY, July 2, 1970:

In June, 1966, the plaintiff-appellee, Gilbert Wenzel, filed a complaint in assumpsit naming as defendant the Morris Distributing Co., Inc., a foreign corporation (hereinafter "Morris"). The complaint alleged that Morris, a wholesaler of electrical appliances, through its agent, one Robert Madigan, had entered into an oral contract with plaintiff in 1959; that under the terms of that contract the plaintiff, doing business as Wenzel Appliances, was "to take on and sell" at retail RCA appliances purchased from Morris; that within an undefined area plaintiff was to have the exclusive franchise for the retail sale of such appliances; and that Morris would make good the warranties pertaining to the appliances. The complaint further alleged that Morris had breached this contract by giving another retailer an exclusive franchise to market the prescribed product line and by failing to perform its agreement with plaintiff by fulfilling the warranty obligation with respect to faulty products. The plaintiff sought damages for loss of good will and for Morris' failure to perform under the warranty.

Together with the complaint and pursuant to Pennsylvania Rule of Civil Procedure 2180(c), plaintiff filed a petition for approval of service of process upon the Secretary of the Commonwealth. This petition averred that Morris was not qualified to do business in the Commonwealth and had not otherwise designated the Secretary as its agent for service. On July 1, 1966, the court granted the petition, and thereafter the complaint was served upon the Secretary and upon Morris by registered mail.

Morris then filed preliminary objections stating that it was a New York corporation which was not doing business in the Commonwealth; it sought judgment in its favor by reason of the court's lack of jurisdiction over its person. A hearing was held at which testimony

was taken from Madigan and one Ben Horowitz, the treasurer of Morris. Following the hearing, the court dismissed the objections, and Morris appealed to this Court under the authority of the Act of March 5, 1925, P.L. 23, §1, 12 P.S. §672. We affirm.

Subject to the restrictions of the Fourteenth Amendment to the United States Constitution, a foreign corporation's amenability to service of process in Pennsylvania is governed by section 1011 of the Business Corporation Law, Act of May 5, 1933, P.L. 364, §1011, as amended, 15 P.S. §2011. Subsection B of that provision, in material part, reads as follows: "Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth." 15 P.S. §2011B. Application of this section thus depends upon whether a corporation has "done any business in this Commonwealth," a term defined in subsection C, which at the time this suit was commenced (June 23, 1966) read as follows: "For the purposes of determining jurisdictions of courts within this Commonwealth, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purposes, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.' " 15 P.S. §2011C.[1] At

---

[1] In 1968 subsection C was amended so as to eliminate the requirement of "entry" and to add the following new sentence: "For the purposes of this subsection the shipping of merchandise directly or indirectly into or through this Commonwealth shall be considered the doing of such an act in this Commonwealth." Act

issue is whether Morris may be said to have "done business" in this Commonwealth within the meaning of subsection C.

From the testimony of witnesses Madigan and Horowitz at the hearing on defendant's preliminary objections, it appears that the facts as to Morris' operations were as follows: Morris, located in Binghamton, was a wholesale distributor of consumer items—mostly major or small household appliances—manufactured by RCA and Whirlpool. It purchased these appliances from the manufacturer, and in turn sold the items to a network of 107 retail outlets. Seventeen (or roughly 15 percent) of these outlets were located in four counties in Pennsylvania. Shipment of the goods to these Pennsylvania dealers was by common carrier and parcel post or, less frequently, by defendant's trucks.

Morris employed representatives who were assigned to territories in which they solicited new retail outlets, took orders for appliances and repair parts from existing retail outlets, and in general served as liaison between Morris and its retail customers. Two of the territories included parts of Pennsylvania. Morris regarded its representatives as employees and agents, and it was conceded by both Horowitz and Madigan that these agents represented themselves as such and were so regarded by the retailers with whom they dealt. These agents were paid by commission and did not have authority to bind Morris, all sales and orders being subject to final approval in Binghamton after the approval of Morris' credit department.

---

of July 20, 1968, P.L.    , No. 216, §54, 15 P.S. 2011 (Supp. 1970). Appellant concedes that it would be amenable to service were the quoted provision applicable to this case. It is well established, however, that procedural matters are governed by the law as it is at the time an action is commenced. *Kilian v. Allegheny County Distributors*, 409 Pa. 344, 185 A. 2d 517 (1962).

The items thus sold to the retailers carried warranties issued by the manufacturer but backed up by the distributor. To fulfill its obligations under the warranty provisions, Morris maintained a complete stock of service parts at its principal headquarters in New York and employed a staff of servicemen. These servicemen trained employees of the retailers at Morris' headquarters and on some occasions traveled to the retail outlet to perform repairs there. Morris' dealers had service obligations under the warranty agreements, and upon their request, Morris would fill orders for service parts. Delivery of these parts was most frequently made by common carrier, but in some instances delivery was made by the defendant in its own trucks. To the extent that the dealers made repairs themselves with service parts supplied by Morris, they (the dealers) were regarded by Morris as its agents and were sometimes compensated by Morris for their work.

Madigan, the agent who serviced the Wenzel account, covered a territory which included parts of New York State and three counties in Pennsylvania. Roughly 30 percent of his time was spent in Pennsylvania. Madigan testified that he did not have authority to bind Morris, but he stated unequivocally that he did represent himself to dealers as its agent.

Apart from the activities of its representatives and servicemen, and its occasional deliveries of merchandise or service parts, Morris had no "presence" in this Commonwealth. It maintained no office, bank account, warehouse, or stock of goods; it had no telephones or telephone listings, made no purchases, and owned no vehicles registered in Pennsylvania.

Appellant contends that on these facts there could be no personal jurisdiction over Morris both because of the limitations of the Fourteenth Amendment and because of the decisions of this Court construing the jurisdiction provisions of the Business Corporation Law.

In *International Shoe Company v. State of Washington,* 326 U.S. 310 (1945), Chief Justice STONE writing for the Court concluded that "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " (*Id.* at p.316). The issue thus framed requires an "estimate of the inconveniences which would result from requiring [a foreign corporation] to defend, where it has been sued." *Hutchinson v. Chase & Gilbert,* 45 F. 2d 139, 141 (2d Cir. 1930) (L. HAND, J.) That is, are the contacts, ties, and relations which the corporation has with the state in which suit is brought sufficient to make that state an appropriate forum? As the U. S. Supreme Court noted in *International Shoe,* at p. 319, "to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations, and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue."

In the present case, it seems apparent that Morris through its employees was pursuing activities in the Commonwealth which redounded to its benefit and gave rise to certain obligations to its dealers and the ultimate retail purchasers of warranted goods. We have no difficulty in concluding that Morris' contacts with this State were not so limited that the requirements of due process precluded service of process upon it. See *Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437 (1952) ; *McGee v. International Life Ins. Co.,* 355 U.S. 220 (1957) ; and *Hanson v. Denckla,* 357 U.S. 235

(1958). Sec, also, *Nettis v. Di Lido Hotel,* 215 Pa. Superior Ct. 284, 257 A. 2d 643 (1969) and *Cecere v. Ohringer Home Furniture Co.,* 208 Pa. Superior Ct. 138, 220 A. 2d 350 (1966).

Constitutional considerations aside, however, appellant contends that it was not "doing business" in Pennsylvania within the meaning of section 1011C of the Business Corporation Law. Whether a corporation is "doing business" in a jurisdiction is a matter of fact to be resolved on an *ad hoc* or case-by-case basis and not by application of a mechanical rule. *Myers v. Mooney Aircraft, Inc.,* 429 Pa. 177, 185, 240 A. 2d 505 (1967) and *Lutz v. Foster & Kester Co., Inc.,* 367 Pa. 125, 79 A. 2d 222 (1951).

This Court has long since recognized that "[t]he purpose of the Act of 1933, *supra,* [the Business Corporation Law] is to bring foreign corporations doing business in this State within the reach of legal process. The act is for the protection of those with whom such corporations do business or to whom they may incur liabilities by their wrongful acts." *Hoffman Construction Co. v. Erwin,* 331 Pa. 384, 386, 200 Atl. 579 (1938). Moreover, as appellant concedes, the legislature, by successive amendments to the Business Corporation Law, has greatly extended the jurisdiction of the courts of this Commonwealth over non-registered foreign corporations.[2]

In support of its conclusion that it was not doing business, appellant cites *Miller v. Kiamesha-Concord,*

---

[2]The legislative and judicial development of the requirements for *in personam* jurisdiction is reviewed in "Jurisdiction over Unregistered Foreign Corporations Doing Business in Pennsylvania," 27 *Pittsburgh L. Rev.* 879 (1966) and "Jurisdiction over Foreign Corporations in Pennsylvania," 31 *Pittsburgh L. Rev.* 81 (1969). This development has reflected the changing concept of the requirements of due process as it relates to jurisdiction. See generally, James, *Civil Procedure,* §12.8 (1965) and "Developments in the Law: State-Court Jurisdiction," 73 *Harvard L. Rev.* 909, 923-25 (1960).

*Inc.*, 420 Pa. 604, 218 A. 2d 309 (1966); *Namie v. Di-Girolamo*, 412 Pa. 589, 195 A. 2d 517 (1963); *Swavely v. Vandegrift*, 397 Pa. 281, 154 A. 2d 779 (1959) affirming on the opinion of the lower court reported at 19 Pa. D. & C. 2d 153 (C.P. Bucks Co. 1958); and *Cecere v. Ohringer Home Furniture Company*, 208 Pa. Superior Ct. 138, 220 A. 2d 350 (1966). In each of those cases, however, the courts determined that the only corporate representatives present in the jurisdiction were neither employees nor agents of the corporation but were instead independent contractors. From this it was concluded that the proposed corporate defendants had neither entered nor conducted activities in the Commonwealth. In the present case, by contrast, defendant's witnesses admitted that the representatives who regularly performed duties in Pennsylvania were its agents and employees and held themselves out as such to Morris' dealers, and that other service and delivery employees entered the state from time to time to perform its business obligations. There is no suggestion in this record that Morris' in-state representatives were independent contractors.[3]

---

[3]The tendency to focus the "doing business" test on the particular contractual status of a foreign corporation's representatives in Pennsylvania has been criticized. Thus the Superior Court observed, in *Cecere v. Ohringer Home Furniture Co.*, *supra*, at 149, "A more fruitful and proper determination of jurisdiction might include a consideration of the parties' relative access to proof and witnesses, the relative hardship to the parties, the foreseeability of consequences in a foreign state, the nature of the injury, and the nature of the corporation's business and activities. Certainly, a flexible standard should be adopted which will test the reasonableness of subjecting a foreign corporation to jurisdiction in the forum state." See, also, "Jurisdiction over Unregistered Foreign Corporations in Pennsylvania," *supra*, at n.2. The approach of this Court has of necessity been one of applying the terms of the statute defining the doing of business. It is possible that the most recent amendment to the definition (see footnote 1) may have rendered

Moreover, it is clear that in a realistic sense Morris had both entered this Commonwealth and engaged in a series of acts for the purpose of realizing pecuniary benefit. As Judge HAND has noted, "it is difficult . . . to impute the idea of locality to a corporation, except by virtue of those acts which realize its purposes." *Hutchinson v. Chase & Gilbert, supra,* at p. 141. Thus to say that a corporation has made an "entry" into a jurisdiction is to conclude that its activities in some material part have been conducted there. As indicated, Morris' corporate activities consisted of purchasing appliances from a manufacturer and thereafter selling the appliances to retail outlets which its employees solicited, serviced, and assisted in the fulfillment of warranty obligations mutually owed to the ultimate consumer. Roughly fifteen percent of these outlets were located in Pennsylvania at the time of this suit. Common sense belies a conclusion that the ordinary conduct of that fraction of a business did not constitute a "series of acts" for the realization of "pecuniary benefit". We therefore hold that when Morris, through its employees, engaged in repeated profit-motivated activities such as those here in question over a sustained period of time, it was "doing business" in Pennsylvania. See *Frisch v. Alexson Equipment Co.,* 423 Pa. 247, 224 A. 2d 183 (1966) and *Myers v. Mooney Aircraft, Inc., supra.*

Appellant's final contention is that service in this case was invalid, the plaintiff having failed to serve upon either the Secretary of the Commonwealth or the defendant a copy of plaintiff's petition to the lower court seeking authorization of service and a copy of the court's order. See 15 P.S. §2011B. This issue as to the

unimportant the "agent" v. "independent contractor" consideration. However that may be, on the facts of the case before us the decisions making the distinction do not help appellant.

technical defect in service was not raised in defendant's preliminary objections nor, so far as we can tell, otherwise presented to the court below. A matter not raised in the lower court will not be considered on appeal. *Brunswick Corp. v. Key Enterprises, Inc.,* 431 Pa. 15, 244 A. 2d 658 (1968) and *Capozzi v. Antonoplos,* 414 Pa. 565, 201 A. 2d 420 (1964).

In conclusion, we hold that Morris was "doing business" in Pennsylvania; that substituted service by registered mail upon the Secretary of Commerce was permissible under the terms of §1011B of the Business Corporation Law, 12 P.S. §2011B; and that the lower court had personal jurisdiction over the defendant.

Order affirmed.