## J. W. McAuley Co., Inc. v. Hoffmaster

*Richard N. McKee,* for plaintiff.
*L. Ivan Hudson,* for defendant.

LYON, *J.,* August 12, 1975—This is an assumpsit action in which J. W. McAuley Co., Inc., a corporation, is plaintiff and Albert G. Hoffmaster and Kathryn L. Hoffmaster are defendants.

The complaint in assumpsit, which initiated the action, alleged that by a contract, made on July 29, 1974, defendants agreed to pay the sum of $5,900 to plaintiff for certain repairs and improvements to be made to their home in Pulaski Township, Lawrence County, Pa., and that defendants unilaterally terminated the contract on September 17, 1974, before plaintiff was able to perform any work on the homesite. Plaintiff contends defendants thereby breached the contract and seeks liquidated damages pursuant to the terms of the contract.

In response to the complaint, defendants filed a preliminary objection contending that plaintiff lacked the capacity to sue, since it was a foreign

corporation doing business in Pennsylvania without a certificate of authority as required by the Business Corporation Law, Act of May 5, 1933, P.L. 364, as amended, 15 P.S. §2001 et seq. The preliminary objection is specifically bottomed upon section 2014 of the Business Corporation Law which provides:

"No foreign business corporation transacting business in this Commonwealth without a certificate of authority shall be permitted to maintain any action in any court of this Commonwealth until such corporation shall have obtained a certificate of authority."

Plaintiff's answer to the preliminary objection is in the nature of a confession and avoidance under common-law pleading procedures. While admitting that it is a foreign corporation doing business in Pennsylvania without a certificate of authority, it contends that the business transaction with defendants was in interstate commerce and, therefore, is exempt from the foregoing penalty provision pursuant to section 2001(9) of the Business Corporation Law, supra.

The negotiations resulting in the contract occurred at defendants' home in Pennsylvania; the parties executed the contract in Pennsylvania; and the contract required plaintiff to perform certain work, presumably for a profit, on defendants' home in Pennsylvania. There appears to be no question that plaintiff was "doing business" in Pennsylvania: Burns v. Baltimore Motor Coach Co., 302 F. Supp. 683 (E.D. Pa., 1969); Wenzell v. Morris Distributing Co., 439 Pa. 364, 266 A. 2d 662 (1970); Hoffman Construction Co. v. Erwin, 331 Pa. 384, 200 Atl. 579 (1938); Glenn Mitchell Construction Corp. v. Russell, 14 Bucks 203 (1964); Act of

November 15, 1972, P.L. 885 (No. 271), sec. 8309, 42 Pa. C.S.A. §8309(a)(2) and (4). The only question which arises is whether this constituted "interstate commerce" so as to be exempt under section 2001(9) of the Business Corporation Law, supra: U.S. Constitution, Art. I, sec. 8, cl. 3; Allenberg Cotton Co. v. Pittman, 414 U.S. 1109, 95 S. Ct. 260, 42 L.Ed. 2d 195 (1974). See 17 Fletcher CYC Corp. §8403 (Rev. Ed., 1960).

Surprisingly, there appears to be no Pennsylvania appellate court cases expressly dealing with this issue. However, the jurisdictions which have considered the issue are in general agreement that a foreign corporation doing construction work or performing labor or services within a State is engaged in intrastate business, even though the materials used were purchased or assembled in another State. This is in contrast with those cases involving the installation of an article or piece of machinery, which installation is merely incidental to the sale and delivery of the article in interstate commerce. Compare Electrical Equipment Co. v. Daniel Hanum Drayage Co., 217 F. 2d 656 (8th Cir., 1954); Conklin Limestone Co., Inc. v. Linden, 22 App. Div. 2d 63, 253 N.Y.S. 2d 578 (1964); Penberthy Electromelt Co. v. Star City Glass Co., 135 S.E. 2d 289 (W. Va., 1964); Iowa Manufacturing Co. v. Superior Court, 246 P. 2d 681 (Cal. App., 1952);Toedman v. Nooter Corp., 180 Kan. 703, 308 P. 2d 138 (1957); Cadden-Allen, Inc. v. Trans-Lux News Signs Corp., 48 So. 2d 428 (Ala., 1950); with Atlas Elevator Co. v. Presiding Judge of Circuit Court, 412 P. 2d 645 (Hawaii, 1966); Procter & Schwartz, Inc. v. Superior Court, 221 P. 2d 972 (Cal. App., 1950). See also 17 Fletcher CYC Corp. §8412, pp. 362-65 (Rev. Ed. 1960).

The foregoing authorities are persuasive precedent, and we, therefore, hold that the instant business transaction was not in interstate commerce as contemplated by the exemption provision of section 2001(9).

Plaintiff next contends that defendants are bound by the general averment in the complaint that the business transaction sued upon was in interstate commerce. Since this allegation avers a mere factual conclusion, it may be ignored: Jennison v. Aacher, 201 Pa. Superior Ct. 583, 193 A. 2d 769 (1963); Silver v. Korr, 392 Pa. 26, 139 A. 2d 552 (1958); Fawcett v. Monongahela Ry. Co., 391 Pa. 134, 137 A. 2d 768 (1957). The rule that such general allegations may be ignored is particularly applicable in the instant case where the exact nature of the transaction between the parties is clearly shown by the specific allegations of fact concerning the making of the contract and the actual contractual provisions which are a part of the complaint. Thus, the well-pleaded facts in the complaint are sufficient, of themselves, to warrant the conclusion, pursuant to the previously cited authorities, that the business transaction was not in interstate commerce and, therefore, not exempt from the penalty provision of section 2014 of the Business Corporation Law.

Plaintiff lastly contends that it was not doing business in Pennsylvania. Unfortunately for plaintiff, that issue was not raised by its answer. The answer to the preliminary objection did not deny that plaintiff was doing business in Pennsylvania, but merely asserted that the business transaction was in interstate commerce. That plaintiff was doing business was, therefore, admitted by the failure to specifically deny that allegation in the preliminary ob-

jection: Pa. R.C.P. 1028 and 1029(b). The court will ignore an objection not raised by the pleadings and which a party argues for the first time in its brief: Chicago-Pittsburgh Express, Inc. v. Keystone-Lawrence Transfer & Storage Co., 23 Lawrence 240 (1969).

## ORDER

Now, August 12, 1975, for the reasons stated in the foregoing opinion, defendants' preliminary objection is sustained and the complaint is dismissed, without prejudice.