## A & A Waste Oil Service, Inc. v. C. H. Masland & Sons, Inc.

*Louis A. Yuhn*, for plaintiff.
*John B. Fowler, III*, for defendant.

HOFFER, *J.*, February 17, 1981—On or about January 10, 1980, plaintiff, A & A Waste Oil Service Incorporated, and defendant, C. H. Masland & Sons, allegedly entered into a contract in which plaintiff was required to remove oil and sludge from a fuel oil tank owned by defendant and to clean the tank and its heating coils. Under the contract defendant was required to pay the sum of $2400 for plaintiff's services. Plaintiff alleges that it fully performed its obligation shortly after the contract was entered and that the reasonable value of the services performed was $2400. Plaintiff has requested and demanded payment of the contract price, but defendant has refused to pay.

Plaintiff brought this action in assumpsit to recover the amount owed on the contract. Defendant

has filed a preliminary objection raising the defense of lack of capacity to sue.

Defendant claims that because plaintiff is a foreign corporation doing business within the Commonwealth, it must obtain a certificate of authority under section 1001 of the Business Corporation Law of May 5, 1933, P.L. 364, as amended, 15 P.S. §2001. Defendant further asserts that section 1014 of the Act of May 5, 1933, prevents plaintiff from maintaining this action until a certificate of authority is obtained. Plaintiff claims that it is not required to obtain a certificate of authority because its activities in the Commonwealth do not constitute doing business but rather fit the isolated transaction exception set forth in section 1001B(10) of the Act of May 5, 1933.

Section 1001A provides in part, "A foreign business corporation, before doing any business in this Commonwealth, shall procure a certificate of authority to do so from the Department of State, in the manner hereinafter provided in this article. . . ." Plaintiff has not procured a certificate of authority. This court must determine whether plaintiff was doing business within the Commonwealth within the context of section 1001. If plaintiff was doing business within the Commonwealth, then it cannot maintain this action until a certificate of authority is obtained: Section 1014.

The defense of lack of capacity to sue is properly raised by preliminary objection: Pa.R.C.P. 1017(b)(5). When an appropriate issue of fact is raised by preliminary objection, the court shall take evidence by deposition or otherwise: Pa.R.C.P. 1028(c); Duro Art Supply Co. v. Auto Parts & Radiator Co., 29 D. & C. 2d 792 (1963). In the case at bar written interrogatories were submitted to the court to show the extent of plaintiff's activities in the Commonwealth.

Plaintiff has engaged in three transactions within the Commonwealth. In November, 1979, plaintiff spent two days cleaning tanks for the Ralston Purina Company. In January, 1980, plaintiff spent three days cleaning tanks for defendant. In July, 1980, plaintiff spent two days cleaning tanks for the Quaker Oats Company. No other evidence of plaintiff's activities in the Commonwealth has been presented.

The Supreme Court of Pennsylvania, in Hoffman Construction Company v. Erwin, 331 Pa. 384, 200 Atl. 579 (1938), held that a foreign corporation was doing business within the Commonwealth even though its only activity was a construction project which lasted four months. After noting that the corporation brought its equipment, materials, agents, and employes into the Commonwealth to perform the contracted services, the court stated:

"The acts which were done in this State were not a mere incident of plaintiff's corporate existence, but were the performance of the very function for which the corporation was organized. The fact that part of its capital, as represented by wages, trucks, tools, etc., was not permanently invested here is of no consequence": [citation omitted]. Id. at 386, 200 Atl. at 580.

The court said further that a corporation was doing business in the state when it conducted its corporate business in the state, or invested part of its capital in the state: Id. at 387, 200 Atl. at 580.

The complaint reveals that plaintiff is engaged in the business of cleaning tanks, correcting oil spills, and hauling and removing liquid wastes. Plaintiff conducted its corporate business, draining and cleaning storage tanks, within the Commonwealth

on three separate occasions. On these three occasions, the corporation's employes and equipment were brought into the Commonwealth and employed for several days on each job. We find that these activities constitute doing business within the Commonwealth for the purposes of section 1001 of the Act of May 5, 1933.

We disagree with plaintiff's assertion that its activities should be considered an isolated transaction. Section 1001B of the Act of May 5, 1933, was added by the Act of January 18, 1966, P.L. (1965) 1305, 15 P.S. §2001B, and provides in part that "[c]onducting an isolated transaction completed within a period of thirty days and not in the course of a number of repeated transactions of like nature . . ." does not constitute doing business in the Commonwealth: Section 1001B(10) of the Act of May 5, 1933. Although each project was completed within a period of thirty days, there were a number of repeated transactions of a like nature. Plaintiff's activities cannot be characterized as an isolated transaction under section 1001B(10) or under the cases which have interpreted section 1001A.

Accordingly we hold that plaintiff cannot maintain this action until it obtains a certificate of authority.

## ORDER

And now, February 17, 1981, for the reasons set forth in the opinion filed this date, defendant's preliminary objection is sustained. Plaintiff's action will be dismissed unless plaintiff obtains a certificate of authority within 90 days.